(109 So. 400)

No. 27411.

**FIRST NAT. BANK OF ACADIA PARISH v. LABIT.**

(May 31, 1926. Rehearing Denied June 28, 1926.)

*(Syllabus by Editorial Staff.)*

Homestead ⚖➡72—Irrigation canal, pump, and machinery held "appurtenances and necessary implements" within homestead exemption (Const. 1921, art. 11, § 1).

Irrigation canal and pumping plant, consisting of pump, portable boiler, and engine, necessary for raising rice on farm of less than 160 acres, *held* appurtenances and necessary farming implements, exempt from seizure and sale under homestead provision of Const. 1921, art. 11, § 1.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Appurtenance—Appurtenant.]

Appeal from Fifteenth Judicial District Court, Parish of Vermilion; W. W. Bailey, Judge.

Action by the First National Bank of Acadia Parish, in liquidation, against Granville Labit. Judgment for defendant, and plaintiff appeals. Affirmed.

W. J. Carmouche, of Crowley, for appellant.

R. J. La Bauve and Edwards & Greene, all of Abbeville, for appellee.

O'NIELL, C. J. This is an appeal from a judgment recognizing a homestead exemption on a rice farm and the necessary farming implements to the extent of $2,000.

Appellant contends that the canal and pump and machinery used for irrigating the farm were not a part of the farm, and were therefore not exempt from seizure and sale, and that, by failing to demand a separate sale of this irrigation plant, the debtor forfeited his homestead exemption.

According to section 1 of article 11 of the Constitution, the homestead exemption includes, not only 160 acres of land, but also the buildings and appurtenances, and, on a farm, the necessary farming implements. In this case the area of the farm was less than 160 acres. The irrigation canal was one of its appurtenances, and the pumping plant, consisting of an 8-inch pump and a portable boiler and engine, which were necessary for raising rice on the farm, must be included among "the necessary farming implements."

The judgment is affirmed, at appellant's cost.